ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| GAMALIEL PÉREZ ÁLVAREZ Y MARIA HAYDEE SÁNCHEZ VÉLEZ T/C/C MARÍA H. SÁNCHEZ Y HAYDEE SÁNCHEZ<br><br>APELADA<br><br>V.<br><br>PROFESSIONAL ELEVATOR SERVICES, INC. representado por CARLOS JAVIER DELGADO CRUZ y otros<br><br>APELANTE | KLAN202500321 | Apelación procedente del Tribunal de Primera Instancia, Sala de Guaynabo<br><br>Caso Número: GB2025CV00141<br><br>Sobre:<br><br>Desahucio Sumario |

Panel integrado por su presidenta, la Jueza Martínez Cordero, el Juez Cruz Hiraldo y la Juez Lotti Rodríguez.[1]

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico a 7 de agosto de 2025.

Comparece Professional Elevator Services Inc., representado por Carlos Javier Delgado Cruz; Carmen Cruz y la Sociedad Legal de Bienes gananciales compuesta por ambos (en adelante la Parte Apelante), mediante un recurso de apelación y nos solicita que se revoque la sentencia emitida por el Tribunal de Primera Instancia, Sala de Guaynabo (TPI) el 7 de abril de 2025.

**I.**

El 20 de febrero de 2025, Gamaliel Pérez Álvarez y María Haydee Sánchez Vélez (parte apelada) presentaron *Demanda* contra Professional Elevator Servicces, Inc., en la que reclamaron el pago de cinco (5) meses de arrendamiento de un local comercial.[2] Ante

---

[1] Conforme la OATA-2025-069 del 7 de mayo de 2025, mediante la cual se asignó a la Juez Glorianne M. Lotti Rodríguez en sustitución del Hon. Abelardo Bermúdez Torres.

[2] Entrada #1 de Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Número identificador
SEN2025_____

ello, estos solicitaron al TPI el desahucio de Professional Elevator y que este realizara el pago por la suma de $8,750.00 por concepto de cánones de arrendamiento en atraso, y el pago de $2,800.00 por concepto de costas, gastos y honorarios de abogado. Por su parte, el 5 de marzo de 2025, la parte apelante presentó su *Contestación a la Demanda.*[3]

Así las cosas, surge de la minuta de la vista del 10 de marzo de 2025, que la parte apelante no compareció a la celebración de dicha vista. [4] Luego, el 17 de marzo de 2025, la parte apelada presentó *Primera Demanda Enmendada,* en la que añadió a Carlos J. Delgado Cruz (señor Delgado), su esposa Carmen Milagros Ferrer Díaz (señora Ferrer) y la Sociedad Legal de Gananciales, compuesta por ambos como parte demandada.[5] Ese mismo día, la parte apelada presentó *Moción Acreditativa* en la que adjuntó un Estudio de Título y Declaración Jurada. En esta última, aseguró que Professional Elevator y el señor Delgado le adeudaban cierta cantidad por cánones de arrendamiento de las Oficinas 103 y 106.[6]

La parte apelante presentó el 31 de marzo de 2025 una *Moción de Desestimación.*[7] Allí, adujo que al contrato de arrendamiento comparecieron solo dos (2) partes, a saber: la parte apelada y Professional Elevator. No obstante, la parte apelada emplazó al dueño de Professional Elevator y a su esposa, ambos en su capacidad personal y a la Sociedad Legal de Gananciales, pese a que ninguno de estos formó parte del contrato de arrendamiento. La parte apelante, razonó que estos no deben ser partes en el litigio, ya que la solidaridad no se presume. A su vez, indicó que es principio rector de la Ley General de Corporaciones, *infra,* que la comparecencia de una persona jurídica a un contrato no hace

---

[3] Entrada #6 de SUMAC.
[4] Entrada #12 de SUMAC.
[5] Entrada #13, 18, 19 y 20 de SUMAC.
[6] Entrada #11 de SUMAC.
[7] Entrada #21 de SUMAC.

extensivas sus cláusulas y condiciones a los dueños, accionistas o directores de ésta. Ante ello, el TPI expresó que atendería la referida moción en la vista pautada para el 2 de abril de 2025. Sin embargo, en dicha vista, el TPI no dispuso de la Moción *de Desestimación* presentada por la parte apelante. Se le tomó juramento a la prueba de la parte demandante y se comenzó el desfile de prueba. La parte demandante presentó únicamente el testimonio de la Sra. María H. Sánchez Vélez. Sometido el caso por la parte demandante, el TPI declaró Ha Lugar la causa de acción de desahucio ante la ausencia de un contrato de arrendamiento vigente y desestimó sin perjuicio la causa de acción de cobro de dinero para que la parte demandante la volviera a presentar bajo un procedimiento ordinario. Ambas partes presentaron la reconsideración de la determinación sobre la causa de acción de cobro de dinero, no obstante, el TPI mantuvo su decisión.

Así las cosas, el 7 de abril de 2025, el TPI notificó la *Sentencia.*[8] Allí, sostuvo que el contrato expiró, por lo que opera en virtud de la figura de la tácita reconducción, sin pagos acreditados desde septiembre de 2024. Añadió, que la entidad y el señor Delgado Cruz continúan en uso de la propiedad, a pesar del vencimiento del contrato y de gestiones realizadas para recuperar las oficinas 103 y 106 del inmueble. Por tanto, declaró Ha Lugar la acción de desahucio, al amparo del Artículo 620 y siguientes del Código de Enjuiciamiento Civil de Puerto Ricio, 32 LPRA sec. 2821, *et seq.* Asimismo, desestimó sin perjuicio la causa de acción sobre cobro de dinero.

Inconforme, la parte apelante presentó el recurso ante nos y alegó los siguientes errores:

**PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL PERMITIR EN EL CASO DE AUTOS, LA ACUMULACIÓN DEL SR. CARLOS**

---

[8] Entrada #23 de SUMAC.

**DELGADO Y LA SRA. CARMEN CRUZ EN SU CAPACIDAD PERSONAL, A PESAR DE NO SER PARTE EN EL CONTRATO DE ARRENDAMIENTO OBJETO DEL PRESENTE LITIGIO Y DE QUE NO SE FORMULARA NINGUNA ALEGACIÓN EN SU CONTRA EN LA DEMANDA ENMENDADA NI HABER INCLUIDO DETERMINACIÓN ALGUNA SOBRE LA MOCIÓN DE DESESTIMACIÓN DE LA PARTE DEMANDADA**

**SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR SIN PERJUICIO LA ALEGACIÓN DE COBRO DE DINERO, POR AUSENCIA DE PRUEBA, LUEGO DE HABERSE CELEBRADO EL JUICIO EN SU FONDO Y LUEGO QUE LA PARTE DEMANDANTE PRESENTARA TODA SU PRUEBA Y DIERA EL CASO POR SOMETIDO**

**TERCER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO HABER INCLUIDO EN SU SENTENCIA NI DETERMINACIONES DE HECHO SOSTENIDAS EN LA PRUEBA NI CONCLUSIONES DE DERECHO Y HABER DECLARADO CON LUGAR EL DESAHUICIO, A PESAR DE QUE LA PARTE DEMANDANTE NO INTRODUJO NINGÚN DOCUMENTO DE PRUEBA EN EL JUICIO Y DE QUE NO SE ADJUDICÓ NINGUNA DEUDA EN LA SENTENCIA.**

Por su parte, la parte apelada presentó su *Alegato en Oposición a Apelación.* Allí, aduce que procedía la demanda contra el dueño de la entidad y su esposa, ya que fue este quien compareció y firmó el contrato de arrendamiento. A su vez, nos indica que la corporación Professional Elevator fue cancelada por el Departamento de Estado en el 2023, por lo que se vieron en la obligación de traer como partes al dueño de la entidad y su esposa. Asimismo, sostiene en cuanto a la acción de cobro de dinero que el TPI contaba con entera discreción si la acumulaba con la del desahucio sumario.

## II.

### A. Ley General de Corporaciones

La Ley Núm. 164 de 16 de diciembre de 2009, según enmendada, conocida como la Ley General de Corporaciones (14 LPRA sec. 3501 *et seq.*) (en adelante, "Ley Núm. 164-2009") confiere a las corporaciones diversas facultades, entre las que se encuentran: demandar y ser demandada, comprar, vender, arrendar, adquirir o

ceder bienes muebles o inmuebles, llevar a cabo sus negocios y operaciones, otorgar contratos e incurrir en responsabilidades. Art. 2.02 de la Ley Núm. 164-2009 (14 LPRA sec. 3522). A esos efectos, las corporaciones debidamente inscritas gozan de una personalidad jurídica individual y separada de aquella de sus componentes o miembros y, como tal, su patrimonio es distinto y separado de los patrimonios de sus accionistas. *Santiago et al. v. Rodríguez et al.*, 181 DPR 204, 214 (2011). Véase, además, *Sucn. Santaella v. Srio. de Hacienda*, 96 DPR 442, 451 (1968). En consecuencia, la Ley Núm. 164-2009 dispone, en lo pertinente que:

> [N]o se entablará pleito alguno contra ningún oficial, director o accionista por deuda u obligación de la corporación de la cual es oficial, director o accionista, hasta que se dicte sentencia final en contra de la corporación, y que la ejecución de la misma permanezca insatisfecha ni después de tres (3) años a partir de la fecha de tal sentencia, y cualquier oficial, director o accionista podrá levantar cualquier defensa que la corporación hubiere podido levantar contra tal deuda u obligación. [...] Art. 12.04 (b) de la Ley Núm. 164-2009 (14 LPRA sec. 3784).

En Puerto Rico, como regla general, se reconoce el principio de responsabilidad limitada para los accionistas de una corporación. Dicho principio establece que la responsabilidad de los accionistas por las deudas y obligaciones de una corporación está limitada al capital que éstos hayan aportado al patrimonio de esta. *DACO v. Alturas Fl. Dev. Corp. y otros*, 132 DPR 905, 924 (1993); *Fleming v. Toa Alta Development Corp.,* 96 DPR 240, 244 (1968). No obstante, una de las excepciones a dicho principio es la doctrina de descorrer el velo corporativo. Esta doctrina dispone que se descartará la personalidad jurídica de una corporación y se sujetará el patrimonio de sus accionistas para responder por las deudas y obligaciones de la corporación en aquellos casos en que "la corporación es meramente un 'alter ego' o conducto o instrumento económico pasivo ('*business conduit*') de sus únicos accionistas, recibiendo éstos exclusiva y personalmente los beneficios producidos por la

gestión corporativa, [...] si ello es necesario para evitar un fraude o la realización de un propósito ilegal o para evitar una clara inequidad o mal ('wrong')". *Cruz v. Ramírez*, 75 DPR 947, 954 (1954).

Una corporación se considera un "alter ego" o conducto económico pasivo de sus accionistas cuando entre éstos y la corporación existe tal identidad de interés y propiedad que las personalidades de la corporación y de los accionistas, sean estos personas naturales o jurídicas, se hallan confundidas, de manera que la corporación no es, en realidad, una persona jurídica independiente y separada. *Casco Sales v. Mun. de Barranquitas*, 172 DPR 825, 832 (2007); *DACO v. Alturas Fl. Dev. Corp. y otros*, *supra*, pág. 925. Igualmente, se puede descorrer el velo corporativo cuando no hacerlo equivaldría sancionar un fraude, promover una injusticia, evadir una obligación estatutaria, derrotar la política pública, justificar la inequidad, o defender un crimen. *Casco Sales v. Mun. de Barranquitas, supra*, págs. 832-833; *Srio. DACO v. Comunidad San José*, 130 DPR 782, 798 (1992).

Entre los factores que los tribunales han tomado en consideración para determinar si los accionistas de una corporación han mantenido una separación adecuada de esta o si, por el contrario, procede aplicar la doctrina de descorrer el velo corporativo, se encuentran los siguientes:

> 1. el control del accionista sobre los asuntos corporativos; 2. el trato de los activos de la corporación como activos personales; 3. el retiro irrestricto del capital corporativo; 4. la mezcla de activos personales con activos corporativos; 5. la estructura de capital inadecuada de la corporación; 6. la falta de archivos corporativos; 7. la inobservancia de formalidades corporativas; 8. la inactividad de los demás oficiales y directores; 9. la práctica de no declarar dividendos; 10. la presentación pública del accionista como personalmente responsable por las obligaciones de la corporación; 11. el manejo de la corporación sin atención a su personalidad independiente. *DACO v. Alturas Fl. Dev. Corp. y otros, supra*, pág. 928.

Una vez demostrados los factores anteriores, los tribunales no tendrán razón de trazar una separación entre la persona del accionista y la de la corporación pues el propio accionista no la observó. *DACO v. Alturas Fl. Dev. Corp. y otros, supra*, pág. 927. Sin embargo, no es suficiente la mera alegación de que la corporación es el "alter ego" de una persona, sino que deberá demostrarse con prueba concreta, fuerte y robusta que demuestre que la personalidad de la corporación y la del accionista no se mantuvieron adecuadamente separadas. *DACO v. Alturas Fl. Dev. Corp. y otros, supra*, pág. 927. La aplicación de la doctrina va a depender, primordialmente, de los hechos y las circunstancias específicas del caso, a la luz de la prueba presentada. Íd. págs. 925-926. Por tanto, corresponde a la parte que propone descorrer el velo corporativo el presentar prueba que demuestre que no existe una separación adecuada entre la corporación y el accionista. Íd.

No obstante, lo anterior, la personalidad jurídica individual de las corporaciones, y sus efectos, pueden extenderse varios años después de haber sido disueltas. A esos efectos, el Art. 9.08 de la Ley Núm. 164-2009 establece lo siguiente:

> Toda corporación que se extinga por limitación propia o que por otro modo se disuelva, continuará como cuerpo corporativo por un plazo de tres (3) años a partir de la fecha de extinción o de disolución o por cualquier plazo mayor que el Tribunal de Primera Instancia (Sala Superior) en el ejercicio de su discreción disponga a los efectos de llevar adelante los pleitos entablados por la corporación y de proseguir con la defensa de los pleitos entablados contra ella, ya sean civiles, criminales o administrativos, así como a los efectos de liquidar y terminar el negocio, de cumplir con sus obligaciones y de distribuir a los accionistas los activos restantes. No podrá continuar la personalidad jurídica con el propósito de continuar los negocios para los cuales se creó dicha corporación.
>
> Respecto a cualquier acción, pleito o procedimiento entablado o instituido por la corporación o contra ella, antes de su extinción o dentro de los tres (3) años siguientes a su extinción o disolución, la corporación continuará como entidad corporativa después del plazo de los tres (3) años y hasta que se ejecuten totalmente cualesquiera sentencias, órdenes o decretos respecto a las acciones, pleitos o

procedimientos antes expresados, sin la necesidad de ninguna disposición especial a tal efecto por parte del Tribunal de Primera Instancia (Sala Superior). Art. 9.08 de la Ley Núm. 164-2009 (14 LPRA sec. 3708).

### B. Cobro de Dinero

La Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, establece un procedimiento sumario de cobro de dinero. En el que "[e]l demandante sólo tiene que probar que existe una deuda válida, que no se ha pagado, que él es el acreedor y los demandados sus deudores." General *Electric v. Concessionaires, Inc.,* 118 DPR 32, 43 (1986). Nuestro Tribunal Supremo ha expresado que el demandante debe probar que la deuda reclamada es una "líquida, vencida y exigible". *Ramos de Szendrey v. Colón Figueroa,* 153 DPR 534, 546 (2001). Una deuda es líquida y exigible cuando la cuantía es cierta y determinada, y, por consiguiente, puede ser exigible ante su vencimiento. *Ramos de Szendrey v. Colón Figueroa, supra,* pág. 546; *Guadalupe v. Rodríguez,* 70 DPR 958, 966 (1950). Por su parte, si el demandado comparece a la vista, este tiene derecho a refutar el cobro de dinero y cualquier otra cuestión litigiosa. *Asoc. Res. Colinas Metro S.L.G.,* 156 DPR 88, 99 (2002).

### C. Regla 10.2 de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil, *supra,* dispone las circunstancias en que se puede presentar una moción de desestimación, estas son: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. En cuanto al inciso cinco (5) de la referida regla, nuestro Tribunal Supremo ha sido enfático que al resolver una solicitud de desestimación bajo el fundamento de que se deja de exponer una reclamación que justifique un remedio, los tribunales

están obligados a interpretarla de forma conjunta, liberal y de la manera más favorable para el demandante. *Cosme Mena v. Depto. de la Vivienda y otros*, 2024 TSPR 131, 215 DPR\_\_, 7 (2024); *Eagle Security v. Efron Dorado et al.,* 211 DPR 70 (2023) (citando a *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016); *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015)). A su vez, están obligados a tomar como ciertos los hechos de la demanda, los cuales deben estar aseverados de manera clara y concluyente. *Cosme Mena v. Depto. de la Vivienda y otros, supra,* pág.7.

Por otra parte, para proceda una moción de desestimación "tiene que demostrarse de forma certera que el demandante no tiene derecho a remedio alguno bajo cualquier estado de Derecho que se pudiese probar en apoyo a su reclamación". *Eagle Security v. Efron Dorado et al., supra,* pág. 84; Rivera *Sanfeliz et al. v. Jta. Dir. FirstBank, supra,* pág. 49; *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654 (2013). De manera que, si se considera toda duda a favor del demandante y no es suficiente para que pueda darse una reclamación válida, procede que se desestime la demanda. *Eagle Security v. Efron Dorado et al., supra,* pág. 84.

### III.

En el presente caso, Professional Elevator nos solicita que revisemos la *Sentencia* del TPI, que desestimó la causa de acción de cobro de dinero sin perjuicio. A su vez, aduce que incidió el referido foro al acumular como partes al señor Delgado y su esposa la señora Ferrer en su capacidad personal, pese a que no fueron partes en el contrato de arrendamiento en controversia. Por último, sostiene que el TPI erró al haber declarado Con Lugar el desahucio, sin haber incluido en la *Sentencia* determinaciones de hechos sostenidas en la prueba ni conclusiones de derecho.

Surge de la grabación de la vista del 2 de abril de 2025, que previo al comienzo del juicio en su fondo, se argumentó la solicitud de desestimación instada por la parte demandada y que el Juez le sugirió a la parte demandante que desistiera de la acción de cobro de dinero para que se atendiera en un pleito independiente. Según las expresiones en corte abierta por el TPI, se determinó que el cobro de dinero iba exclusivamente en contra de la Corporación Professional Elevator. De igual forma, el TPI razonó que la causa de acción de cobro de dinero podía presentarse en una futura ocasión. No obstante, la parte demandante informó su interés en continuar el juicio con las dos reclamaciones presentadas, o sea, el desahucio y el cobro de dinero. La prueba de la parte demandante presentó el testimonio de la Sra. Sánchez Vélez. Este consistió en que para marzo de 2018 suscribió un contrato de arrendamiento con la Corporacion Elevator Services, Inc., representado por Carlos Delgado. El contrato consistía en el arrendamiento de la oficina 103 y un estacionamiento. Posteriormente se le arrendó a Professional Elevator Services, Inc., la oficina 106. Indicó que los pagos de canon de arrendamiento de la Oficina 103 y 106 se realizaban mediante cheques suscritos por el Sr. Carlos Delgado. Declaró que en enero de 2025 se recibió el último cheque por concepto de canon de arrendamiento, no obstante, el pago correspondía al mes de septiembre de 2024. Manifestó que las oficinas están siendo ocupadas por empleados de la corporación.

Ahora bien, surge de las alegaciones de la Primera Demanda Enmendada que la parte demandante suscribió un contrato de arrendamiento con Profesional Elevator Services, Inc., representado por Carlos Javier Delgado Cruz para el arrendamiento de las oficinas 103 y 106 localizadas en la 667 calle Cubita 205 Frailes Industrial Park Guaynabo. En dicha demanda enmendada no hay alegaciones contra los codemandados Carlos Javier Delgado, Carmen Cruz y la

Sociedad Legal de Bienes Gananciales, en su carácter personal. De igual forma, de la prueba presentada por la parte demandante se estableció que el contrato de arrendamiento fue suscrito con la Corporación. La parte demandante no alegó en su demanda enmendada ni tampoco presentó prueba en el juicio en su fondo, que los codemandados Carlos Javier Delgado Cruz y Carmen Cruz hayan suscrito en su carácter personal el contrato de arrendamiento o que se hayan obligado contractualmente al pago de los cánones de arrendamiento. Ante ello, es forzoso concluir que el TPI incidió al no desestimar la reclamación contra los codemandados, Carlos Javier Delgado, Carmen Cruz y la Sociedad Legal de Bienes Gananciales porque las alegaciones dejan de exponer una reclamación que justifiquen la concesión de un remedio.

De igual forma, resolvemos que el TPI incidió al desestimar sin perjuicio la reclamación de cobro de dinero, luego de que la parte demandante desfilara su prueba y sometiera el caso. Como expresamos anteriormente, el TPI le sugirió a la parte demandante, previo al desfile de prueba, que desistiera de su reclamación de cobro de dinero para que la misma se dilucidara en un pleito ordinario. La parte demandante optó por no desistir de la reclamación y continuar con el procedimiento sumario de desahucio y cobro de dinero. Finalizado la presentación de la prueba de la parte demandante, el TPI manifestó que de la prueba presentada no tenía los elementos necesarios para resolver la reclamación de cobro de dinero. Sin embargo, en vez de desestimar la reclamación de cobro de dinero con perjuicio por ausencia de prueba, el foro primario decidió desestimar sin perjuicio la reclamación para que la parte demandante radicara nuevamente la acción en un pleito independiente. Ante ello, concluimos que el TPI cometió el segundo error.

Por último, no tiene razón la parte apelante en cuanto a que no se incluyó determinaciones de hechos y derecho en la *Sentencia* emitida para el desahucio. Esto, porque, aunque de forma escueta, dicha *Sentencia* recoge determinaciones de hechos sostenidas en la prueba y conclusiones de derecho sobre la causa de acción de desahucio.

**IV**

Por los fundamentos expresados, se revoca parcialmente la *Sentencia* apelada. Se desestima la reclamación contra los demandados Carlos Javier Delgado Cruz, Carmen Cruz y la Sociedad Legal de Bienes Gananciales compuesta por ambos y se desestima con perjuicio de la acción de cobro de dinero. Se confirma la Sentencia en cuanto a la procedencia del desahucio.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
